Jennie Shapiro
vs.
Albany Insurance Co. of N. Y.
⎱ Eq. No. 584.

Jennie Shapiro
vs.
The Law Union & Rock Ins. Co., Limited.
⎱ Eq. No. 585.

May 17, 1934.

CAPOTOSTO, J. These petitions pray for the reformation of two fire insurance policies. Heard upon bill, answer and proof.

The complainant claims that through mutual mistake the two insurance policies which name her as owner should have designated her as mortgagee.

In June 1927, the complainant sold her property in Oakland Beach to Antonio and Filomena Cantone for a certain consideration which included a mortgage back to her of $4,000. It appears that at that time two insurance policies were issued to the Cantones as owners and to her as mortgagee, which policies were cancelled by the insurer for some undisclosed reason in January 1928. Whether or not Mrs. Shapiro knew of such cancellation is in doubt.

The complainant testifies that in August 1928 she asked one George R. Elliott, a real estate broker in Oakland Beach, to secure fire insurance for her as mortgagee upon the property that she had sold to the Cantones; that as she could not spell the names of the owners she instructed him to secure this information from their tenant, a Mrs. Rossi; that a few days later she received the two policies now in question from Elliott and put them away without examining them because she is unable to read or write English. Elliott testified that he followed the complainant's instructions and had Mrs. Rossi write the names of the Cantones on a piece of paper; that on that same paper he wrote the name of Mrs. Shapiro and described her as mortgagee; that he presented this written memorandum to the young lady in the office of Gallivan & Co. who took the order; that in his presence she copied therefrom whatever she considered necessary; that he did not see what notations she made and that he does not remember what became of the original paper. He further testified that when he received the policies he assumed that they were in accord with the directions given and turned them over to the complainant.

The young lady in Gallivan & Co.'s office, who took the order from Elliott on June 13, 1928, said that from the wording in her own book she was not

told that the complainant was the mortgagee, for otherwise that fact would have been noted by her; that she had no present recollection of the particular transaction; that she undoubtedly followed the usual custom of inquiring as to owners and mortgagees; that as far as she could recollect the order was given orally, and that she could not recall any written memorandum.

A fire occurred in December 1928. Upon the non-payment of the loss by the defendants, the complainant retained her nephew, a member of the bar in this state, to bring actions upon the policies now sought to be reformed. Suits were started in the Superior Court for the County of Kent. Through no fault of the plaintiff, the present complainant, judgments by default were entered in each case but such judgments were removed and the cases reinstated for trial by rescript of the Supreme Court, Exs. 7184 and 7185, wherein it is said that the "affidavits filed disclose the fact that the policies may have to be reformed as an aid to the present suits; and issues are raised which should be determined by a trial Court or a jury". The present bills in equity were then brought.

The evidence before this Court is positive on one side and negative on the other. The complainant and her agent affirmatively assert that the character and extent of the complainant's interest in the policies were conveyed to the insurance broker. Gallivan & Co. say that such information was not given in behalf of the complainant because their entry book is silent on the matter.

There is no reason to question the honesty of either party to this transaction. The explanation of the complainant as to why she herself did not give the names of the owners to her agent, Elliott, is reasonable. It is not unusual to find a Jewish woman of advanced years who is unable to read or write English, let alone the spelling of names of foreign extraction. Nor is it strange for an English speaking person to find himself at a loss in writing Italian names and to secure the assistance of those who may know.

The fact that policies may have been cancelled in 1927 bears remotely, if at all, on the question at issue. No explanation is given for such cancellation, so that it may fairly be said that whatever reason prompted such action in 1927 may have entirely ceased to operate by August 1928. It is further to be noted that but one of the two policies now before the Court is in the same company that had previously resorted to cancellation.

In the absence of any intimation of fraud or other improper motive, and further in view of the positive testimony in complainant's behalf which is rebutted solely by inference and negative recollection, this Court finds that the weight of the evidence establishes the existence of a mutual mistake and that the insurance policies in suit should be reformed in each case in accordance with the prayer of the bill.

For complainant: Samuel H. Workman.

For defendant: Henry M. Boss, Jr.